UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kenneth Dewayne Wheaton,<br><br>    Plaintiff<br><br>v.<br><br>Knight Transportation, Inc., et al.,<br><br>    Defendants | 2:16-cv-01220-JAD-NJK<br><br>**Order Granting Motion to Remand**<br><br>[ECF No. 11] |

    Plaintiff Dewayne Wheaton sues Knight Transportation, Inc. and its employee, John Tucker, for injuries Wheaton sustained when Tucker, while driving a vehicle owned by Knight, collided with Wheaton's vehicle in North Las Vegas, Nevada. Knight removed this action, claiming that Tucker is a resident of Arizona and invoking this court's diversity jurisdiction. Wheaton moves to remand, arguing that Knight has failed to carry its burden to show that this court has jurisdiction over Wheaton's state-law claims. I agree, grant Wheaton's motion, and remand this case back to state court.[1]

**Discussion**

**A.    Removal jurisdiction and diversity of citizenship**

    "Federal courts are courts of limited jurisdiction."[2] Accordingly, there is a strong presumption against removal jurisdiction, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[3] The defendant always has the burden of establishing that removal is proper.[4] A defendant may remove any action brought in state court over which the federal district courts have original jurisdiction. One category of cases over which the

---

[1] I find this matter suitable for disposition without oral argument. L.R. 78-1.

[2] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[3] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

[4] *Id.*

1  district courts have original jurisdiction are "diversity" cases in which (1) there is diversity of
2  citizenship between each plaintiff and each defendant and (2) the amount in controversy exceeds
3  $75,000.[5]  The parties do not dispute that the amount-in-controversy requirement is met or that
4  Knight's citizenship—as an Arizona corporation that maintains its principal place of business
5  there—is diverse from Wheaton's.  The only dispute is Tucker's citizenship.

6  A natural person's state of citizenship is "determined by [his] state of domicile, not [his] state
7  of residence.  A person's domicile is [his] permanent home, where [he] resides with the intention to
8  remain or to which []he intends to return."[6]  As the party seeking to invoke this court's jurisdiction,
9  Knight bears the burden of establishing that jurisdiction exists.

10  In its notice of removal, Knight alleges that "Mr. Tucker at the time of the filing of the above-
11  entitled action, and still is, a citizen of the State of Arizona.  Mr. Tucker has resided in Arizona for
12  approximately one year and he has no intention of moving out of Arizona."[7]  Knight attaches a
13  declaration from Tucker (executed in California) echoing this statement but including no further
14  information.[8]  Though Tucker declares that he has resided in Arizona for one year, he does not
15  indicate when he developed his intention to permanently remain there.

**B.  Knight has not met its burden to show that removal is proper based on Tucker's citizenship in light of the contrary evidence that Wheaton has provided.**

18  Wheaton attaches to his remand motion the police report from the accident, which lists
19  Tucker's address as Reno, Nevada.[9]  Wheaton also attaches the affidavit of due diligence that he
20  filed in the state district court.  The affiant, a process server for the investigation company that
21  Wheaton hired to locate and serve Tucker, states that, despite the company's best efforts, it was

---

[5] 28 U.S.C. § 1332(a)(1).

[6] *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (internal citations omitted).

[7] ECF No. 1 at ¶ 4.

[8] ECF No. 1-3.

[9] ECF No. 11-1.

unable to locate Tucker or discover a current address in Nevada or in Arizona to effectuate service.[10] She further states that she contacted the Nevada Department of Motor Vehicles for a current address for Tucker; a representative told her that Tucker currently had a valid Nevada commercial driver's license that would expire on August 18, 2018.[11] The physical address on Tucker's Nevada commercial driver's license matched the Reno, Nevada, address recorded in the police report, and the representative provided a separate Sparks, Nevada, mailing address for Tucker.[12] The affiant represents that the company also searched the "Tracers" database for Tucker, which returned his most recent address as the Sparks, Nevada, mailing address provided by the DMV.[13] The summons reflects that Tucker was ultimately served via the Nevada Department of Motor Vehicles in Carson City, Nevada.[14]

In response, Knight provides another declaration from Tucker—executed in Reno, Nevada—in which he represents that he stopped service at the Sparks, Nevada, mailbox at an undisclosed date and rented a mail drop box and a storage unit and purchased property in Yuma, Arizona, "[p]rior to the filing of Plaintiff's lawsuit."[15] He attaches an undated envelope from the Arizona Motor Vehicle Division addressed to the address on his Yuma mailbox,[16] an Arizona commercial driver's license issued after this case was filed,[17] and a land-sale contract showing that Tucker purchased a one-acre parcel of property in Yuma, Arizona, shortly before this case was

---

[10] ECF No. 11-4 at ¶ 17.

[11] *Id.* at ¶ 3.

[12] *Id.*

[13] *Id.* at ¶ 4.

[14] ECF No. 11-5 at 4.

[15] ECF No. 17-1.

[16] ECF No 17-2.

[17] ECF No. 17-4.

filed.[18]

I find that Wheaton has sufficiently rebutted Tucker's conclusory citizenship allegations, and I am left unpersuaded by the documentary evidence that Tucker has provided in support of those allegations that diversity jurisdiction exists in this case. Based on this record, I find that removal was not proper because it appears that Tucker was a citizen of Nevada when this case was filed, destroying diversity, so I grant Wheaton's motion and remand this case back to state court.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Wheaton's motion to remand **[ECF No. 11] is GRANTED, and this case is remanded to Nevada's Eighth Judicial District Court, Case No. 16-735987-C.**

Dated this 28th day of November, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[18] ECF No. 17-3.